## SPRINGER & *al. vs.* SHIRLEY & HYDE.

A. drew a bill at four months, payable to his own order, on B. C. & Co. which was accepted, and by him negotiated to a Bank. At maturity the draft was paid by a like bill drawn on *B. alone,* the firm in the meantime having been dissolved; which last bill, A. as indorser, was compelled to take up. *Held,* that he could not maintain an action against *the firm* to reimburse the amount thus paid.

THE facts in this case are briefly and clearly stated in the opinion of the Court.

*Longfellow* and *P. H. Greenleaf,* for the plaintiffs.

Although there was a dissolution of the partnership, yet for the purpose of settling the partnership it still continued. And the creditors of the firm could not lose their lien upon each member of the firm, without the consent of such creditors. *Lodge* v. *Dicas,* 3 *B. & A.* 614; *Smith & al.* v. *Rogers,* 17 *Johns.* 340.

In this case, the plaintiffs have a right to resort to the original cause of action, because it was not shown, that at the drawing and acceptance of the bills the account was cancelled. *Bedford* v. *Deaking,* 2 *B. & A.* 210; *Featherstone* v. *Hunt, B. & C.* 113; *Heath* v. *Percival,* 1 *P. Will.* 682; *Wallace* v. *Agry,* 4 *Mass.* 343.

The original draft was on *Shirley, Hyde & Co.* and if they cannot show a discharge, the defendants should be holden. They cannot now object that all three are not sued; that should have been pleaded in *abatement.*

*Deblois,* for the defendants, cited *Allen & al.* v. *Ayers & al.* 3 *Pick.* 298; *Church & al.* v. *Barlow,* 9 *Pick.* 547; *Thacher & al.* v. *Dinsmore,* 5 *Mass.* 299; *McGee & al.* v. *Maneely,* 6 *Mass.* 143; *Watkins* v. *Hill,* 8 *Pick.* 522; *Goodenow* v. *Tyler,* 7 *Mass.* 36; *Durant* v. *Chapman,* 10 *Mass.* 47; *Johnson* v. *Johnson,* 11 *Mass.* 361; *Varner* v. *Nobleboro',* 2 *Greenl.* 124.

MELLEN C. J. delivered the opinion of the Court.

This being a joint action against the defendants, it cannot be maintained unless they are jointly liable to the plaintiffs. It is equally true, that if the late firm of *Shirley, Hyde & Co.* are

liable, although *Gershom Hyde*, one of that firm, is not sued, yet as his nonjoinder with the present defendants was not pleaded in abatement, it is now too late to object to the plaintiffs' right to recover, on that account. 1 *Chit. Pl.* 29, and cases there cited. Both the above principles are undisputed. A brief statement of the facts is this. There were for some years prior to *January,* 1831, two firms; one consisting of the present defendants, under the name of *Shirley & Hyde;* the other consisting of the defendants and *Gershom Hyde*, under the name of *Shirley, Hyde & Co.* Both these copartnerships were publicly dissolved on the first day of *January,* 1831. In *September* preceding, the plaintiffs drew on *Shirley, Hyde & Co.* for $1500, and the draft was duly accepted by them, and they charged the plaintiffs with the amount. The draft did not arrive at maturity till after the dissolution of the partnership. On the 15th of *January,* 1831, another draft was made by the plaintiffs on *William Hyde,* for $1600, payable to themselves or order, and by them indorsed. This draft was delivered to the bank, and thereupon the draft for $1500 was given up and cancelled; no money having been paid by the plaintiffs. When the above draft, accepted by *William Hyde,* became due, the same was delivered up and cancelled, and the third draft on *Shirley* was made and accepted as the one last named and delivered to the bank. The other drafts were all made and indorsed in the manner before stated, and accepted by *Shirley,* and successively given up as succeeding drafts were substituted in their stead, until the sum originally due was reduced to $900, when the last draft was made for the above named sum, and discounted for the benefit of *Shirley.* This draft the plaintiffs, as indorsers, were compelled to pay to the bank; and the present action is brought to recover the amount of the defendants. The plaintiffs have not declared upon any of the before mentioned drafts, but rely on the general count for money paid and advanced. They describe the defendants as the *late firm* of *Shirley and Hyde,* and without any allusion to the other firm of *Shirley, Hyde & Co.* The jury have found and certified to the Court that the firm, consisting of the two defendants, never assumed the debts of the other firm of *Shirley, Hyde & Co.* and the report of the case does not show any connection between them.

On whatever principle the plaintiffs expect to recover, the defendants insist that, whether the claim is made upon them as two of the firm of *Shirley, Hyde & Co.* or as the firm of *Shirley & Hyde*, still that they have a substantial defence which they have placed on several grounds, each of which has been deemed by them sufficient to sustain it.

The plaintiffs contend, that as the firm of *Shirley, Hyde & Co.*, when they accepted the plaintiff's first draft, charged them with the amount of the acceptance, it must be considered that the plaintiffs, in settlement of accounts with the firm, allowed them the amount; but as the firm did not pay according to their acceptance, and the plaintiffs have been compelled to pay it to the bank, that therefore they are now entitled to recover the money sued for by way of reimbursement. This argument is not supported by any facts in the case. We know of no settlement of accounts, and we can judge only from what we know. The draft was on four months, and at its maturity all parties knew that it was not paid in any other mode than by the draft on *William Hyde*, and his acceptance of it. The above assumed fact may therefore be laid out of the case, and then the inquiry is, whether the acceptance of the second draft by *William Hyde*, bound the *firm of Shirley, Hyde & Co.* or *William Hyde, only*: for if it bound *him only*, then the law will not *imply a joint promise* by the defendants to reimburse the plaintiffs the sum paid by them to the bank as indorsers of the draft. On this point we apprehend there can be no doubt. In *Evans* v. *Drummond*, 4 *Espinasse's Rep.* 93, *Lord Kenyon* decided that if two partners give a bill of exchange for a partnership demand, and when the bill becomes due, the holder takes the separate bill of one of them, the other is discharged. His language is, "Is it to be endured that when partners have given their acceptance, and perhaps one of two partners has made provision for the bill, that the holder shall take the sole bill of the other partner, and yet hold both liable? I am of opinion that when the holder chooses to do so, he discharges the other partner. Laying the idea of a pre-existing partnership which had been dissolved, out of the case, and considering *Shirley* and *Hyde* as two unconnected individuals, if *Hyde* owed a debt to *Springer*, and gave his note for

Springer & al. *v.* Shirley & Hyde.

it, payable in sixty days, and at the end of the sixty days he took up his note, and *Springer* consented to receive *Shirley's* note for the amount at a future day, could he after this transaction have any claim on *Hyde?* If a person has a demand on the estate of an intestate and accepts a note signed by the administrator for its amount, we apprehend that his claim against the estate would be discharged thereby. In the case before us, the first draft on the firm was given up and cancelled at the time the draft was accepted by *William Hyde*, and received by the bank in its stead; and this second draft, so accepted, was given up to *Hyde*, and cancelled, when the third draft was made and accepted by *Shirley*.

The second ground of defence is, that this acceptance by *Shirley*, was several months after dissolution of both partnerships: on what principle then could it bind *William Hyde?* "The very act of dissolution implies a discharge from all liabilities growing out of subsequent transactions; inasmuch as the parties have become distinct persons, and are no longer members of the association. Indeed the whole range of decisions, both in the American and English books, upon this point, concur that whenever a new debt or a new cause of action is to be created after the expiration of the partnership, it can only be done by the *individual act of each* co-partner." *Parker* v. *Merrill & al.* 6 *Greenl.* 41. On this point we need not cite other cases. Beyond all this, the report states expressly that the money which the plaintiffs paid to the bank was to take up the last draft; and that draft was discounted for the benefit of *Shirley*. This fact is an important one in either of the views which we have thus far taken of the cause; and it at once repels the idea of an *implied* promise on the part of *both* of the defendants to reimburse the amount so paid.

But there is another principle of law applicable to this defence which must bar the action. The principle is, that when a creditor receives a negotiable security for a pre-existing demand, it completely extinguishes the original cause of action; or, in other words, *that* demand, unless it appears from the facts attending the transaction, that it was not intended to have that effect. The authorities cited in support of the principle are direct and unanswered. While the bank held the draft, accepted by *Wil-*

_liam Hyde_, he was the only principal debtor, and the plaintiffs were held as indorsers; but when that draft was given up and cancelled by the bank on receiving the draft which was accepted by _Shirley_, the acceptance of that, was an extinguishment of all right of action against _Hyde_, on the preceding draft. There is no fact shewing that it was not intended to operate _as such;_ but, on the contrary, the cancellation of that draft and its delivery up to the parties chargeable, prove that it _was_ so intended; and in this respect it clearly differs from the cases cited by the plaintiffs' counsel in reference to this part of the cause. The application of the above principle to the draft in question is the same as to a negotiable promissory note.

For the reasons assigned we are all of opinion that the action cannot be maintained.